# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0113, <u>Mason Horse & Trail v. Amy Bergeron & a.</u>, the court on February 3, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Mason Horse & Trail, appeals the order of the Circuit Court (<u>Crocker</u>, J.) denying its request for a writ of replevin. <u>See</u> RSA ch. 536-A (2007). The plaintiff argues that the trial court erred in concluding that it failed to prove its right to recover from the defendants, Amy Bergeron and Robert Bergeron, possession of a trailer that had been attached to the plaintiff's hay elevator.

The plaintiff first argues that the trial court erred by ruling, after the show cause hearing, <u>see</u> RSA 536-A:5, that it could meet its burden of proof to show its ownership of the trailer with evidence that it compensated the defendants "for the goods and materials used in fabricating the trailer base," and then finding, after the hearing on the merits, that the plaintiff failed to meet its burden, despite evidence that it paid for the materials used to make the trailer.

At the outset, we note that the plaintiff asserts that it raised this issue in its motion for reconsideration; however, the record includes a motion for reconsideration only of the court's order after the show cause hearing, and not its order on the merits. Assuming, without deciding, that the plaintiff preserved this issue for review, <u>but</u> <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002), we conclude that the record supports the trial court's final order.

Separating the plaintiff's $830 payment to defendant Amy Bergeron for the conveyor apparatus, and its $32.76 payment to another member of the plaintiff's club for the trailer's ball, hitch, and pin, the evidence showed that the plaintiff paid defendant Robert Bergeron only $50 for metal used to make the trailer frame. There was no evidence that the plaintiff reimbursed Mr. Bergeron for the "Volkswagen front end" that he testified he purchased for $75 to build the trailer. We will affirm the trial court's findings if a reasonable person could have made such findings based upon the evidence presented. <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). Based upon this record, we

conclude that the trial court reasonably could have found that the plaintiff failed to meet its burden to show that it paid the defendants "for the goods and materials used in fabricating the trailer base."

The plaintiff next argues that the trial court erred in finding that it did not purchase the trailer and conveyor "as a single unit." The plaintiff supports its argument with evidence that the parties, for years, referred to the trailer and conveyor as one unit, and argues that the fact that the conveyor was bolted, not welded, to the trailer carries little weight. The plaintiff also challenges the weight given to the signed statement of eight former members of the plaintiff's club stating that the plaintiff purchased the conveyor but not the trailer. We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given to the evidence. McCabe v. Arcidy, 138 N.H. 20, 24 (1993). Based upon this record, we conclude that the trial court reasonably could have found that the plaintiff failed to meet its burden to show that it purchased the trailer and conveyor as a single unit.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2